2007 OK 33

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Silas C. WOLF, Jr., Respondent.**

**OBAD No. 9819.**
**SCBD No. 5251.**

Supreme Court of Oklahoma.

May 14, 2007.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Sila C. Wolf, Jr., pending disciplinary proceedings, this Court finds:

1. On February 20, 2007, Wolf submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Wolf's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting his resignation.

3. Wolf states the following in his amended affidavit of resignation:

I am aware that there is a Formal Complaint against me pending before the Supreme Court of the State of Oklahoma, in State of Oklahoma, *ex rel.* Oklahoma Bar Association v. Silas C. Wolf, Jr., OBAD # 1700, SCBD # 5251. I acknowledge that this Complaint was filed on December 15, 2006, I was personally served with a copy of the Complaint, and I timely filed an Answer generally denying the allegations. The complaint alleges violations of Rules 1.3, 1, 4, and 5.2, [Rules Governing Disciplinary Proceedings], and violations of Rules 1.3, 1.4, 1.5, 1.15, 3.3(a), or in the alternative 4.1, 3.4(c), or in the alternative 4.1, 8.1(b), and 8.4(c) and (d), Oklahoma Rules of Professional Conduct ("ORPC"), 5 O.S.2001, Ch. 1, App. 3–A.... Further, I acknowledge that I have filed a response to the Complaint as required by Rule 6.4, RGDP, and hereby waive my opportunity to contest the allegations at trial.

4. Wolf is aware that the allegations set forth, if proven, would constitute violations of the Oklahoma Rules Governing Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (2001), and his oath as an attorney. He waives any and all right to contest the allegations.

5. Wolf's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch.1, app. 1–A (2001), and it should be approved.

6. Wolf acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 RGDP, and he will make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. Wolf acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Wolf agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund Claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. The Oklahoma Bar Association acknowledges receipt of Respondent's Oklahoma Bar Association ten-year membership card.

9. Wolf acknowledges that the Oklahoma Bar Association has incurred costs of $158.24 in the investigation of this matter. Those costs remain payable and shall be remitted prior to any application for reinstatement of his license to practice law.

10. The official roster address of Wolf as shown by Bar Association records is Silas C. Wolf, Jr., 301½ E. Main, Norman, Oklahoma 73069.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Silas C. Wolf, Jr., be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Wolf may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Wolf shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 14th day of May, 2007.

ALL JUSTICES CONCUR.